UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| LEAM DRILLING SYSTEMS, INC. | * | CIVIL ACTION NO. 6:10-cv-01698 |
| and LIBERTY MUTUAL | * | |
| INSURANCE COMPANY | * | |
| | * | |
| VERSUS | * | JUDGE DOHERTY |
| | * | |
| PETROHAWK ENERGY | * | |
| CORPORATION and CHUBB | * | MAGISTRATE JUDGE HILL |
| & SON, A DIVISION OF FEDERAL | * | |
| INSURANCE COMPANY | * | |

************************************************************************

# MEMORANDUM IN SUPPORT OF MOTION TO
# DISMISS OR, ALTERNATIVELY, MOTION TO STAY

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

I.   BACKGROUND INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.  LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     A.   The Jurisdiction Afforded under the Declaratory Judgment Act Is
          Discretionary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     B.   Discretionary Jurisdiction Should Not Be Exercised In This Case Under
          the *Trejo* Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

          1.   Federalism Concerns . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

          2.   Fairness Concerns . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

          3.   Efficiency Concerns . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

          4.   Comity Concern . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

IV.  EXHIBITS

     A.   Geisler Texas State Court Petition

     B.   Petrohawk's Third Party Demand in Geisler

     C.   Petrohawk/Federal's Demand for Indemnity/Defense

     D.   Liberty Mutual's Reservation of Rights Letter

## TABLE OF AUTHORITIES

<u>ACTS, RULES & STATUTES</u>

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

<u>CASES</u>

*American Fidelity Ins. Co. v. Acadian Geophysical Serv., Inc.,*
     1997 WL 786233 (E.D. La. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Brilhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S. Ct. 1173,
     86 L. Ed. 1620 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800,
     96 S.Ct. 1236, 47 L.Ed.2d 483 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Drilling Productivity Realized, LLC v. Lovett,* 2008 WL 2559299,
     W.D. La. 6/5/08) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1,
     103 S.Ct. 927, 74 L.Ed.2d 765 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rolls-Royce Naval Marine, Inc. v. A&B Indus. of Morgan City, Inc.,*
     6:10-CV-00655, 2010 WL 3947327 (W.D. La. 9/15/10), *report*
     *and recommendation adopted sub nom.,* 2010 WL 3943553
     (W.D. La. 10/6/10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

*State Farm Fire & Cas. Co. v. LaFuria,* 07-CV-1285, 2008 WL 5479635
     (W.D. La. 10/22/08), *report and recommendation adopted,* 2009 WL
     774102 (W.D. La. 1/7/09) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . 3, 5

*The Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383 (5th Cir.2003) . . . . . . . . . . 6

*Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137,
     132 L.Ed.2d 214 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**MAY IT PLEASE THE COURT:**

Defendant, Federal Insurance Company ("Federal"), has moved to dismiss without prejudice or, alternatively, to stay the Complaint for Declaratory Relief filed by plaintiffs, Leam Drilling Systems, Inc. (Leam") and Liberty Mutual Insurance Company ("Liberty Mutual"), because: (1) the court's jurisdiction under the Declaratory Judgment Acts [28 U.S.C. § 2201] is discretionary; and (2) the United States Supreme Court and the U.S. Fifth Circuit Court of Appeal instruct that such discretionary jurisdiction should not be exercised when, as here, no federal questions are presented, a parallel state court proceeding is pending in Texas in which all of the issues of state law can be litigated, and determination of all issues in a single forum best serves the interests of federalism, fairness and efficiency.

## I.   BACKGROUND INFORMATION

Leam entered into a contract with Petrohawk to conduct a directional drilling operation.  Under the terms of the contract,  Leam is required to defend and indemnify Petrohawk from and against any and all bodily injury claims arising out of the contract that are asserted by Leam's employees.  The contract also requires Leam to maintain insurance covering its contractual obligations and to have Petrohawk named as an additional insured in those policies.

On or about August 24, 2009, Jared Geisler was allegedly injured during the course of his employment with Leam while conducting work under the contract Leam had with Petrohawk.  Geisler filed suit in the 319th District Court for the County of Nueces on or about

July 20, 2010 ("Geisler lawsuit") to recover damages for the alleged injures he sustained. Claims are made therein by the Geislers against Texas Equipment Rental, LLC, Nabors Drilling USA, LP., Vaughn Energy Services, LP, and Petrohawk.[1]

Upon receipt of the Geisler lawsuit, Petrohawk notified its general liability insurer, Federal, of the claim.  Federal, in turn, tendered the defense and indemnity of Petrohawk to Leam's general liability insurer, Liberty Mutual.  After agreeing to defend Petrohawk under a reservation of rights, on or about October 9, 2010 Leam and Liberty Mutual filed this Declaratory Judgment suit for the purpose of having this Court determine its obligations under the contract. (R. Doc. 1.)  The same determinations are also sought within the Geisler lawsuit that is presently pending before the Texas state court.[2]  On or about December 6, 2010, Petrohawk filed a Third Party Petition against Leam seeking a determination that it is entitled to indemnity and additional insured status under its contract with Leam.  Petrohawk recently learned the Texas trial court had erred by not issuing citation at that time.  That error was recently corrected and service is expected in the near future.

Federal asks this Court to abstain from exercising its discretionary jurisdiction and thereby dismiss without prejudice Leam's and Liberty Mutual's Complaint for Declaratory Judgment or, in the alternative, to stay this matter in deference to the state court proceeding pending in Neuces County, Texas.

---

[1]  Attached as Exhibit A to this memorandum.

[2]  See Third Party Petition, attached as Exhibit B.

## II.   LAW AND ARGUMENT

Dismissal or stay of this action is warranted upon consideration of the *Trejo*[3] factors of federalism, fairness and efficiency.   This federal declaratory judgment action involves only state law issues and a parallel state court suit is pending in which all issues may be determined. Under the circumstances in this case, the District Court should exercise its discretionary jurisdiction and dismiss or stay the matter.

### A.   The Jurisdiction Afforded under the Declaratory Judgment Act Is Discretionary.

Leam and Liberty Mutual asserted this action pursuant to the provisions of the Declaratory Judgments Act (28 U.S.C. § 2201).  The Declaratory Judgments Act provides a permissive grant of authority on federal courts to declare rights of an interested party in a case of actual controversy within its jurisdiction.  It provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).  The Declaratory Judgement Act is properly understood as "confer[ing] on federal courts *unique and substantial discretion* in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (emphasis added).  Given the discretionary nature of the grant of jurisdiction, a federal district court is under no compulsion to exercise its jurisdiction in

---

[3] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1984).

declaratory judgment suits.  *Brilhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.

Ct. 1173, 1175, 86 L. Ed. 1620 (1942).

More than sixty years ago, the United States Supreme Court set forth the general rule

that a federal court should not proceed with a declaratory judgment action when a pending

state court suit presents the same state law issues between the same parties:

> Ordinarily it would be uneconomical as well as vexatious for a federal court
> to proceed in a declaratory judgment suit where another suit is pending in a
> state court presenting the same issues, not governed by federal law, between
> the same parties.  Gratuitous interference with the orderly and comprehensive
> disposition of a state court litigation should be avoided.

316 U.S. at 495, 62 S.Ct. at 1175-76.  According to the *Brilhart* Court, whenever a district court

is presented with a declaratory judgment action under circumstances in which a parallel state

court suit is pending, the court is to ascertain whether the questions in controversy between

the parties are better determined in the state court proceeding, which inquiry may entail a

determination of the scope of the state court proceeding, the defenses that may be raised, and

whether the claims of all parties in interest can be adjudicated and the parties joined in that

proceeding.  *Id.*

This discretionary standard was reiterated in *Wilton v. Seven Falls Co.*, 515 U.S. 277,

115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), wherein the United States Supreme Court resolved

the split in the appellate circuits concerning whether *Brilhart's* discretionary standard or the

"exceptional circumstances" test[4] governed a District Court's determination of its exercise

---

[4]  This test was developed in *Colorado River Water Conservation Dist. v. United States*, 424
U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 and *Moses H. Cone Memorial Hosp. v. Mercury Constr.*

of jurisdiction under the Declaratory Judgment Act.  In applying the discretionary standard, the Court affirmed the stay of the declaratory judgment action because the state lawsuit encompassed the same coverage issue raised in the federal declaratory judgment action, would avoid piecemeal litigation and bar the insurer's attempt at forum shopping. *Id.,* 515 U.S. at 280, 115 S.Ct. at 2139.  Given federalism and comity concerns, the Court commented that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Id.*, 515 U.S. at 283, 115 S.Ct. at 2141, *citing to Brillhart, supra*, 316 U.S. at 495, 62 S.Ct. at 1176.

In accordance therewith, in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1984), the United States Court of Appeals for the Fifth Circuit identified seven factors which guide a district court's exercise of discretion over a declaratory judgment action:

1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3. whether the plaintiff engaged in forum shopping in bringing the suit;

4. whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums;

5. whether the federal court is a convenient forum for the parties and witnesses;

---

*Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1985).

6.     whether retaining the lawsuit in federal court would serve the purposes
of judicial economy; and

7.     whether the federal court is being called on to construe a state judicial
decree involving the same parties and entered by the court before whom
the parallel state suit between the same parties is pending.

The Fifth Circuit subsequently recognized that these factors "address three broad considerations: federalism, fairness/improper forum shopping, and efficiency." *The Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 389 (5th Cir.2003).  The first consideration, federalism, favors dismissal or stay of the federal court declaratory judgment action when it "raises only issues of state law and a state case involving the same state law issues is pending." *Id.* at 390-91.  The second consideration, fairness, requires the court to consider the legitimacy of the reason for bringing the federal declaratory judgment action.  *Id.* at 391. Dismissal of the federal action is favored under the third consideration, efficiency, if it would serve to "avoid duplicative or piecemeal litigation."  *Id.*  Such duplicative litigation also raises federalism or comity concerns because it opens the door to potential inconsistent state and federal court judgments, a potential that exists especially when the litigation involves only state law issues.  *Id.*

**B.     Discretionary Jurisdiction Should Not Be Exercised In This Case
Under the *Trejo* Factors.**

Application of the *Trejo* factors to the circumstances in this case show that this Court should not exercise its discretionary jurisdiction in this case and should either dismiss or stay the declaratory judgment complaint filed by Leam and Liberty Mutual.

1.    **Federalism Concern – Whether there is a pending state action in which all of the matters in controversy may be fully litigated.**

A state court suit is pending in this case.  Jared Geisler filed his suit against Texas Equipment Rental, LLC, Nabors Drilling USA, LP., Vaughn Energy Services, LP, and Petrohawk in the 319th Judicial District Court, Neuces County, Texas, on or about July 20, 2010.  A third party demand was filed by Petrohawk against Leam in the Texas state court action on or about December 6, 2010.[5]  By way of the third party demand, Petrohawk seeks to obtain indemnification and defense from Leam under the terms of a Master Service Contract existing between them and as an additional insured under the coverage afforded to Leam for the claims and related injuries alleged by Jared Geisler.  These are the same issues that Leam and Liberty Mutual assert in this federal declaratory judgment action.  The issues presented in both suits involve only matters of state law.

As noted in *Rolls-Royce Naval Marine, Inc. v. A&B Indus. of Morgan City, Inc.*, 6:10-CV-00655, 2010 WL 3947327, *2 (W.D. La. 9/15/10), *report and recommendation adopted sub nom.*, 2010 WL 3943553 (W.D. La. 10/6/10), this is "precisely the type of case in which the federal court should defer in favor of the related state court action."  Because only issues of state law are raised in the federal declaratory judgment action and a state court involving

---

[5] Liberty Mutual and Leam's federal declaratory judgment action pre-dated the filing of this third party demand by several weeks.  In *Sherwin-Williams, supra*, the court found that the absence of any pending related state litigation could weigh against dismissal; however, this result is not warranted in this case given the prior existence of related state litigatin (i.e., the *Geisler* litigation) and the currently pending third party demand.

-7-

the same issues is pending, the general rule applies: "the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams v. Holmes County, supra,* 343 F.2d at 390-91.  Of all the *Trejo* factors, this factor is "of paramount concern." *Rolls-Royce Naval Marine, Inc., supra,* 2010 WL 3947327, *2, *citing American Fidelity Ins. Co. v. Acadian Geophysical Serv., Inc.*, 1997 WL 786233, *2 (E.D. La. 1997).  This factor, therefore, weighs in favor of the court's dismissal of this matter.

> **2.     Fairness Concerns – Did plaintiff file suit in anticipation of a lawsuit filed by the defendant; Did plaintiff engage in forum shopping in bringing the suit; Are there possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums.**

The fairness concerns involve a consideration of the second, third and fourth *Trejo* factors.  The facts in this case show that after the Geisler law suit was filed, Petrohawk notified its insurer, Federal, and Federal, in turn, on or about September 2, 2010, tendered the lawsuit to Leam and thereby sought defense, indemnity and additional insured status on Petrohawk's behalf.[6]  More than two months later, on November 11, 2010, Liberty Mutual, on behalf of Leam, sent a reservation of rights letter to Petrohawk.  Therein, Liberty Mutual denied that a defense or indemnity was owed, but nevertheless agreed to provide a defense

---

[6]  See September 2, 2010 letter from Federal to Leam, attached as Exhibit C to this memorandum.

to Petrohawk in the Geisler litigation pending in Texas.[7]  Two days *before* it sent the reservation of rights letter to Petrohawk, Liberty Mutual and Leam instituted the instant federal declaratory judgment action.[8]  Several weeks later, on December 6, 2010, Petrohawk filed its third party demand  in the Texas state court action.

Having received a demand for indemnity, defense and additional insured status for the claims asserted in the *Geisler* Texas state court action, it appears that Liberty Mutual and Leam filed the declaratory judgment in this forum in anticipation of the filing of a suit against Leam in state court.  This factor, alone, does not mean Liberty Mutual or Leam engaged in impermissible forum shopping.  *See Sherwin-Williams Co., supra*, 343 F.2d at 397-400.

However, potential inequities exist if Liberty Mutual and Leam are allowed to change forums in this case.  In particular, choice of law considerations exist in this case with regard to the interpretation of the master service agreement and the determination of which state's Oilfield Anti-Indemnity Act should apply. While Louisiana's choice of law rules apply to the federal declaratory judgment action,[9]  Texas' choice of law rules will apply to the *Geisler* litigation pending in Texas state court.  The application of different choice of law rules

---

[7]  See November 11, 2010 letter from Liberty Mutual to Petrohawk, attached as Exhibit D to this memorandum.

[8]  See R.Doc. 1.

[9]  A federal court exercising diversity jurisdiction typically applies the choice of law rules of the forum state.  *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020 (1941).

suggests the existence of "possible inequities in allowing the declaratory plaintiff to ... change forums." *See Sherwin-Williams Co., supra*, 343 F.2d at 399 which, by negative implication, indicates the application of different laws could militate in favor of dismissing and/or staying the federal court action.

Furthermore, this federal declaratory judgment action does not include all parties named in the *Geisler* litigation; in particular, it does not include Texas Equipment Rental, LLC, Nabors Drilling USA, LP., and Vaughn Energy Services, LP.  To the extent any of these parties are necessary for a determination of the underlying facts in this case, their absence from this federal litigation presents an inequity that weighs in favor of dismissing or staying this federal declaratory judgment action.  *See Rolls-Royce Naval Marine, Inc., supra*, 2010 WL 3947327 at *3 (finding the critical element in the determination of whether inequities exist in changing forums is that the federal declaratory judgment action did not include all parties named in the state court suit, and that under such circumstances "permitting the federal court to move forward would, therefore create the very real possibility of inconsistent and/or incomplete rulings").

For all of these reasons, the *Trejo* fairness factors weigh in favor of dismissing or staying this federal declaratory judgment action.

> **3.      Efficiency Concerns – Whether the federal court is a convenient forum for the parties and witnesses; Whether retaining the lawsuit in federal court would serve the purposes of judicial economy.**

*Trejo* factor 5 requires the court to consider the convenience of the Louisiana forum. A review of the *Geisler* Petition shows that Geislers and the other non-named parties in this federal declaratory judgment action are Texas residents or entities.  The Texas venue is likely most convenient for these parties.  Relative to the parties in this federal declaratory judgment action, it is noted that Leam has multiple offices, to include offices in Texas and Louisiana, and while Petrohawk's main office is in Texas, it does business in several states, to include Louisiana. Liberty Mutual and Federal are insurance companies that presumably conduct business on a national scope.  Furthermore, Liberty Mutual is providing a defense to Petrohawk in the Texas court action and Leam is a third party defendant in that action, which shows it would not be inconvenient for these parties to litigate these state law issues in the Texas court.  Lastly, although it is somewhat premature to forecast, witnesses are likely located in both Texas and Louisiana.  For all of these reasons, the convenience of the parties and witnesses appears to be a neutral factor that does not weigh in favor of keeping or dismissing the action.

In contrast, judicial economy is best served by dismissing and/or staying the federal declaratory judgment action.  This would allow the state court to consider all of the issues involved in this suit – liability for Mr. Geisler's injuries, defenses thereto, *and* the existence of indemnity, defense and additional insured status – in the presence of all of the pertinent parties. *See Drilling Productivity Realized, LLC v. Lovett*, 2008 WL 2559299, *4, W.D. La. 6/5/08) ("[r]etaining the declaratory action would not serve the purposes of judicial economy

-11-

since the pending declaratory action only addresses one issue in the case).  The determination of all issues by a single court also serves to avoid piecemeal litigation.  *Id.* ("[c]learly, allowing all issues to be tried at one time would serve judicial economy rather than the piecemeal litigation that would result if the declaratory judgment is allowed to proceed").  Further, any factual findings pertinent to the incident and/or the operations of the parties would be found by a singular court, thus avoiding the potential for inconsistent findings.  *See Sherwin-Williams, supra*, 343 F.3d at 390 ("[d]uplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues").

The efficiency factors, when considered *in toto*, weigh in favor of dismissing or staying this action.

> **4.     Federalism and Comity – Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is pending between the same parties is pending.**

The last *Trejo* factor, i.e., whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is another factor included within the federalism concerns.  This factor is not relevant because the interpretation of a state judicial decree is not an issue in this case.  *See State Farm Fire & Cas. Co. v. LaFuria*, Civ. A. 07-

-12-

1285, 2008 WL 5479635, *4 (W.D. La. 10/22/08), *report and recommendation adopted,*

2009 WL 774102 (W.D. La. 1/7/09).

## III.   CONCLUSION

Dismissal or, alternatively, a stay of this federal declaratory judgment action is

warranted upon a consideration of the *Trejo* factors.  This matter involves only state law

issues.  A state court suit is pending in which all issues can be determined, thereby avoiding

the possibility of inconsistent rulings, piecemeal litigation, and serving the interests of

judicial efficiency.  For all of these reasons, this Motion to Dismiss or, alternatively, Motion

to Stay should be granted.

RESPECTFULLY SUBMITTED,

BY:    s/John P. Wolff, III

John P. Wolff, III, T.A., Bar #14504
Email: Jwolff@kcwlaw.com
Nancy G. Gilbert, Bar #23095
Email: Ngilbert@kcwlaw.com
Nichole A. Schulte, Bar #33360
Email: Nschulte@kcwlaw.com
KEOGH, COX & WILSON, LTD.
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612
*Attorneys Federal Insurance Company*

-13-

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2011, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

s/John P. Wolff, III

JOHN P. WOLFF, III
