UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LEAM DRILLING SYSTEMS, INC. and LIBERTY MUTUAL INSURANCE COMPANY | CIVIL ACTION NO. 6:10-cv-01698 |
| VERSUS | JUDGE DOHERTY |
| PETROHAWK ENERGY CORPORATION and CHUBB & SON, A DIVISION OF FEDERAL INSURANCE COMPANY | MAGISTRATE HILL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS OR, ALTERNATIVELY,
MOTION TO STAY**

MAY IT PLEASE THE COURT:

**BACKGROUND INFORMATION**

The Complaint for Declaratory Judgment filed on behalf of Liberty Mutual Insurance Company arises out of an alleged accident which occurred on Nabors Drilling Rig No. 728 located on land in Bossier Parish, Louisiana on or about August 24, 2009. Jered Geisler filed a lawsuit in the 319th Judicial District Court of Nueces County, Texas, claiming injuries as a result of the accident and naming as defendants Texas Equipment Rental LLC, Nabors Drilling USA, LP, Vaughn Energy Services, LLC and Petrohawk Energy Corporation ("Petrohawk").[1] At the time of the accident, Geisler was an employee of Leam, a Louisiana corporation domicile in New Iberia, Louisiana. Liberty Mutual issued a policy of insurance in the State of Louisiana

---

[1] *Exhibit A,* Plaintiff's Original Petition, Cause No. 10-3409G, 319th Judicial District, Nueces County, Texas.

to Leam, which policy allegedly would provide coverage for Petrohawk's claims asserted in its demand letter forwarded to Leam Drilling Systems, Inc. ("Leam") in Louisiana.[2] Neither Leam nor Liberty Mutual Insurance Company were named in the Geisler lawsuit. Nor were Leam or Liberty Mutual made a party to the Texas suit at the time of the filing of the Complaint for Declaratory Judgment.

Liberty Mutual has filed a second amended complaint for declaratory judgment to remove Leam as a defendant and to designate Leam as a necessary party to the declaratory action, as Leam is a party to the MSA at issue and its joinder does not deprive this Court of subject matter jurisdiction. Furthermore, the failure to join Leam will subject Liberty Mutual to substantial risks and inconsistent obligations as the alleged insurer of Leam, and Leam's joinder is necessary for the orderly and expedition administration of justice herein. Thus, for the reasons set forth below, Liberty Mutual's declaratory action should not be dismissed nor stayed, and likewise, Leam should not be dismissed from this declaratory action.

The declaratory judgment action filed on November 9, 2010 seeks a ruling relating to a Master Service Agreement ("MSA") entered into between Leam and Petrohawk specific to Petrohawk's well and the Nabors' Rig No. 728 located in Bossier Parish, Louisiana.[3] The Louisiana Oilfield Anti-Indemnity Act is applicable under the facts of this case. The MSA was executed and signed by Leam's president Ronald Brumly in New Iberia, Louisiana.[4] Leam Drilling apparently conducted services pursuant to the MSA from their offices located at 3114

---

[2] ***Exhibit B,*** Correspondence to Ronald E. Brumley, Leam Drilling Systems, Inc. dated September 2, 2010.

[3] Document 1, Complaint for Declaratory Judgment.

[4] ***Exhibit C,*** Master Service Contract

Old Spanish Trail, New Iberia, Louisiana. Additionally, the Liberty Mutual Insurance Company policy is a Louisiana policy issued to a Louisiana insured.[5]

Thus, the State of Louisiana has a significant interest in this litigation, and is the more appropriate forum in which to litigate this matter is a Louisiana federal court, rather than a Texas state court.

## LAW AND ARGUMENT

Federal Insurance Company requests by its motion that this Honorable Court abstain from exercising its discretionary jurisdiction in a case involving interpretation of Loiuisiana law issues presented herein. For the reasons set forth below, the Motion to Dismiss, or Alternatively to Stay, should be denied.

### *Discretionary Jurisdiction Should be Exercised in this Case*

The Declaratory Judgment Act[6] has been understood to confer on federal courts unique and *substantial* discretion in deciding whether to declare the rights of litigants. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.[7]

*St. Paul Insurance Company v. Trejo,*[8] involved a declaratory action filed in a Texas federal court arising out of a Texas accident where the injured plaintiff filed suit in a Texas state court. The Fifth Circuit identified seven "non-exclusive factors" for the district court "to consider" in deciding whether to decide or dismiss a declaratory action i.e.: (1) whether there

---

[5] ***Exhibit D,*** Liberty Mutual Insurance Policy

[6] 28 U.S.C. §2201.

[7] *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 289, 115 S.Ct. 2137, 2142, 2143, 132 L.Ed. 2d 214 (1995).

[8] 39 F.3d 585 (5th Cir. 1994).

is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. The seventh factor is inapplicable as this court is not called upon to construe a state judicial decree.

Addressing the first factor, while there is a pending state court action in the instant case, that suit is not filed in a Louisiana court. This factor is more fully addressed below. As to the second and third factors, merely filing a declaratory judgment action in a federal court with jurisdiction to hear it in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping." The court in *Sherwin-Williams v. Holmes County*,[9] stated:

> . . . The filing of every lawsuit requires forum selection. Federal declaratory judgment suits are routinely filed in anticipation of other litigation. The courts use pejorative terms such as "forum shopping" or "procedural fencing" to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper and abusive, other than selecting a forum or anticipating related litigation. Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state

---

[9] 343 F.3d. 383 (5th Cir. 2003).

>court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."[10]

Furthermore, Federal and, not Liberty Mutual, is attempting to change forum by a subsequently filed third party demand in the Texas state court action. Of note is the fact that there has been no progress in the Texas court action on the third party demand.

Addressing the remaining factors of *Trejo,* there are no inequities to the parties to this declaratory action in having this court decide the declaratory action arising out of a Louisiana accident involving a claimant employed by a Louisiana corporation insured under a policy of insurance issued in Louisiana, where the insurer, seeks a ruling relating to an MSA entered into between Leam and Petrohawk specific to Petrohawk's well and a drilling rig located in Bossier Parish, Louisiana. This declaratory action litigation does not involve a dispute with any of the other parties named in the Texas state court. Furthermore, this court is a convenient forum for the parties to this declaratory action and retention of the suit would serve the purpose of judicial economy.

### *There are No Federalism Concerns in the Declaratory Action*

There are no federalism concerns in the instant case. The pending state court action is in Texas and not Louisiana. When a pending state court suit raises the same issues as a federal declaratory judgment action, the central question for a district court is whether the controversy is better decided in state or federal court.[11] Directly on point is the case of *Falcon Operators, Inc. V. PMP Wireline Services, Inc.*,[12] which involved an accident on the Outer Continental Shelf

---

[10] Id. at 391.

[11] *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 392.

[12] 1997 W.L. 313417 (E.D. La.).

adjacent to Louisiana. The plaintiff Danos filed two separate suits in Texas state court. Howell Petroleum and Falcon Operators filed a third party demand against PMP, plaintiff's employer, in Texas state court seeking contribution and indemnification and contractual defense and indemnity. PMP had a comprehensive general liability policy issued to it by Generali Assicurazioni, S.P.A.

Falcon and Howell filed a complaint for declaratory judgment against PMP and Generali in the Eastern District of Louisiana seeking full costs of defense and indemnity. Generali and PMP moved to dismiss, or alternatively, for summary judgment. The court concluded that factor weighed against abstention. The court stated:

> . . . In discussing inconvenience, defendants argue that these proceedings duplicate the Texas state court proceedings. This argument confuses the second factor with the third factor, which the court discusses below. As far as the factor of convenience, *the Eastern District of Louisiana appears to be the most convenient forum in which to litigate a coverage issue involving a Louisiana accident and a Louisiana corporation on a policy issued in Louisiana to a Louisiana corporation. The inconvenience factor weighs against abstention or dismissal.*
>
> \*     \*     \*
>
> *Nor does the order of jurisdiction warrant abstention or dismissal. Although the Texas state court action and Generali's declaratory action precede this suit, the date of filing is not dispositive as to this factor.* See *Cone,* 460 U.S. 22, 103 S.Ct. at 940 ("priority should not be measured exclusively by which complaint was filed first, *but rather in terms of how much progress has been made in the two actions").* Based on the evidence before it, the Court finds little, if any, progress has been made on the contractual indemnity issues in the other suits. *Accordingly this factor weighs against abstention or dismissal.*
>
> To the extent that state law applies to the contractual indemnity dispute, defendants themselves advocate the application of

> Louisiana law. *Certainly, a Louisiana federal district court is as capable, and probably more experienced, at interpreting Louisiana state law than a Texas federal district or state court. This factor does not favor abstention or dismissal*. . . (Emphasis added).

On the other hand, the case of *Rolls-Royce Naval Marine, Inc. v. A&B Industry of Morgan City, Inc.,*[13] relied upon by Federal in support of its motion to dismiss is clearly inapplicable. The *Rolls-Royce* case involved a declaratory judgment filed in a *Louisiana federal court* and a corresponding suit in redhibition filed *in a Louisiana state court,* in the 16th Judicial District Court of St. Mary Parish. In the *Rolls-Royce* case, the court stated that if a federal declaratory judgment action raises "only issues of state law and a state case involving the same state law issues is pending," generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit. Federal cites no jurisprudence where a declaratory action was dismissed by a federal court in one state addressing the law applicable to the state in which it resides, with a pending state action in another state.

Furthermore, the pending state court claim and the declaratory action are not truly parallel cases as contemplated by the first *Trejo* factor. The Fifth Circuit stated that there must first exist truly parallel cases which it defines as those involving the "same parties" and the "same issues".[14] The issues raised in Liberty Mutual's complaint do not involve all of the other parties in the Texas claim.

### *Fairness Concerns*

The fairness concerns weigh in favor of a denial of defendant's motion to dismiss. As previously set forth above, at the time the declaratory action was filed, Leam and Liberty Mutual

---

[13] 2010 WL 3947327 (W.D. La.)

[14] *See Oakville Community Action Group v. Industrial Pipe,* 2002 WL 31260114 (E.D. La.).

were not parties to the Texas state court action.  As recognized by the Fifth Circuit in *Sherwin-Williams*, federal declaratory judgment suits are routinely filed in anticipation of other litigation.  The mere filing of a declaratory judgment action in a federal court with jurisdiction to hear it is not in itself improper anticipatory litigation or otherwise abusive forum shopping.  Federal's contention that potential inequities exist, is without merit.  Federal argues that choice of law considerations exist with regard to the interpretation of the MSA and which state's oilfield anti-indemnity statute applies.  This case arises out of a Louisiana accident involving Petrohawk's well and Nabor's drilling rig in Louisiana.  The MSA was executed by Leam in Louisiana, and Leam, a Louisiana corporation, apparently conducted services pursuant to the MSA from its offices in Louisiana.  The Liberty Mutual policy was issued in Louisiana to a Louisiana insured.  The demand for defense and indemnity was sent to Leam in Louisiana.  There are no choice of law concerns in this declaratory action.  Louisiana law applies.

Federal also argues that the declaratory action does not include all parties.  However, none of the other parties in the Texas state court action are necessary to an interpretation of the MSA entered into between Petrohawk and Leam, the application of the Louisiana Oilfield Anti-Indemnity Act, and potential interpretation of an insurance policy issued in Louisiana to a Louisiana insured.

### *Efficiency Concerns*

Contrary to Federal's contentions, the more convenient forum for the declaratory action is Louisiana.  The non-named parties to this declaratory action are not necessary parties.  Furthermore there has been no showing that Texas witnesses are necessary in this declaratory action.  The case on point on this issue is *Falcon Operators* for the reasons previously stated

herein, i.e. a Louisiana court is the most convenient forum in which to litigate the interpretation of an MSA involving a Louisiana accident, the Louisiana Oilfield Anti-Indemnity Act, and a Louisiana policy issued to a Louisiana insured. Thus, this court's decision to retain this action will serve the purpose of judicial economy. This court is more familiar with the Louisiana state law issues relating to interpretation of the MSA under Louisiana law.

### *This Court is Not Called Upon to Construe a State Judicial Decree*

There is no dispute that this *Trejo* is not applicable herein.

### CONCLUSION

Based upon the facts and the jurisprudence cited above, the *Trejo* factors weigh in favor of this Court exercising its discretionary jurisdiction and against abstention. Therefore, it is respectfully submitted that Federal Insurance Company's Motion to Dismiss or, Alternatively Motion to Stay, should be denied.

*Respectfully submitted,*

**DAIGLE RAYBURN LLC**

BY:     */s/Susan A. Daigle*
      **SUSAN A. DAIGLE - #4459 (T.A.)**
      **J. DANIEL RAYBURN, JR. - #11404**
      303 W. Vermilion, Ste. 210
      Post Office Box 3667
      Lafayette, Louisiana 70502
      **TEL:** (337) 234-7000

**COUNSEL FOR LIBERTY MUTUAL INSURANCE COMPANY**

**C E R T I F I C A T E**

**I HEREBY CERTIFY** that a copy of the above and foregoing has this date been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all parties that have consented to receive service electronically. I also certify that the above and foregoing has this date been forwarded by either facsimile, hand delivery, Federal Express, or U.S. Mail, postage prepaid and properly addressed to the non-CM/ECF participants on this the 5th day of April, 2011.

               */s/Susan A. Daigle*
               **SUSAN A. DAIGLE, #4459**