UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| LEAM DRILLING SYSTEMS, INC. and LIBERTY MUTUAL INSURANCE COMPANY | * * * * | CIVIL ACTION NO. 6:10-cv-01698 |
| VERSUS | * * | JUDGE DOHERTY |
| PETROHAWK ENERGY CORPORATION and CHUBB & SON, A DIVISION OF FEDERAL INSURANCE COMPANY | * * * * | MAGISTRATE JUDGE HILL |

*************************************************************************

**REPLY MEMORANDUM OF PETROHAWK ENERGY CORPORATION AND FEDERAL INSURANCE COMPANY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY**

MAY IT PLEASE THE COURT:

Federal Insurance Company ("Federal"), on behalf of its insured, Petrohawk Energy Corporation ("Petrohawk"), submits this memorandum in support of its Motion to Dismiss or Alternatively, Motion to Stay (R. Doc. 20) and to respond to the opposition memorandum filed by Liberty Mutual Insurance Company ("Liberty Mutual") (R.Doc. 31). Pursuant to well-established jurisprudence, this Court should decline to exercise its discretionary jurisdiction over this declaratory judgment action. The same state law issues concerning the interpretation of a Master Service Contract presented in this case are presently pending before a competent state court in a jurisdiction contemplated by and agreed to by the parties in the contract at issue.

1. **Leam Does Not Oppose Dismissal of Declaratory Judgment Action.**

Leam Drilling Systems, Inc. ("Leam") and Petrohawk entered into a Master Service Contract in 2007, which contract is the subject of the present suit and the third party demand in the pending Texas state court suit. In that contract, Leam and Petrohawk contemplated and agreed to certain defense and indemnity provisions. The parties also contemplated and agreed that the Contract would be governed, construed, and enforced in accordance with Texas law. Further, in the Contract's arbitration clause, Leam and Petrohawk contemplated that any disputes would be brought in a Texas venue. At this stage in the litigation, neither of the parties to the contract assert otherwise. Notably, the true party in interest, Leam, submits no opposition to defendant's Motion to Dismiss/Stay and seeks its removal from this declaratory judgment action. (See Liberty Mutual's Motion for Leave to File Second Amended Complaint, R. Doc. 30).

Instead, Liberty Mutual, as Leam's insurer, takes a position contrary to and in direct conflict with the best interests and wishes of its insured. Liberty Mutual is not a party to the Master Service Contract. Liberty Mutual does not seek to ask this Court to determine its rights and obligations under the Contract. Therefore, the insurer has no standing to argue issues related to the interpretation and validity of the Contract.

2. **Liberty Mutual's Arguments are Unavailing at Defeating this Motion.**

Liberty Mutual's arguments in opposition to the Motion to Dismiss/Stay are also misapplied and incorrect. To support its assertion that the Louisiana Federal Court is the

"more appropriate" forum in which to litigate this matter, Liberty Mutual resorts to case law interpreting the *Colorado River* abstention doctrine.[1]  As instructed by both the U.S. Supreme Court and the Fifth Circuit, the abstention doctrine considerations (i.e.., the "exceptional circumstances" test) are not applicable to a federal court's consideration of whether it should exercise its discretionary jurisdiction under the Declaratory Judgment Act [28 U.S.C. § 2201].[2]

In its brief, Liberty Mutual puts itself in the position of judge and jury, unilaterally declares that Louisiana law applies to a contract to which it is not a party and that specifically designates Texas law, and uses that purported conclusion to argue that this action should not be dismissed.  This argument must be rejected.  First of all, no determination has been made by this Court or any other as to which state's law applies to the Master Service Contract.

---

[1] In particular, *Falcon Operators, Inc.  v. PMP Wireline Services, Inc.,* 1997 WL 313417 (E.D. La. 1997). and Oakville Community Action Group v. Industrial Pipe, 2002 WL 31260114 (E.D. La. 2002).

[2] *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (determining a district court's decision to stay declaratory judgment action during parallel state court proceedings is governed by the discretionary standard of *Brillhart v. Excess Ins. Co.*, and not the "exceptional circumstances" test developed in *Colorado River Water Conservation District v. United States* and *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) ("[u]nder settled Fifth Circuit law, a declaratory judgment action may be dismissed even though it fails to satisfy the stringent *Colorado River/Moses Cone* "exceptional circumstances" test"); and *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 780 n.12 (5th Cir. 1993) ("[t]his Court has made clear that the factors set out in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), are inapplicable in declaratory judgment actions," citing to *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94 (5th Cir.1992), *cert. dismissed,* 507 U.S. 1026, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1983)).

Second, the applicable law on a given issue is not one of the *Trejo*³ factors. Even assuming *arguendo* that Louisiana law applies, a Texas Court is clearly competent to do so. Finally, and most importantly, the choice of law issue can be decided in the context of the Third Party Demand presently pending in a competent Texas state court.

Liberty Mutual also argues that the fact the parallel state court suit is not pending in Louisiana somehow weighs in favor of this court maintaining jurisdiction. In support of this, it cites to, and extensively quotes from, *Falcon Operators, Inc. v. PMP Wireline Services, Inc., supra*. Clearly, this case is inapposite as the *Falcon* Court was analyzing whether it should surrender its jurisdiction under the *Colorado River* abstention doctrine – *not* whether it should exercise its discretionary jurisdiction under 28 U.S.C. § 2201. Moreover, *Brilhart*⁴ itself shows that the fact that the two suits are pending in different states is immaterial as that case involved a Kansas federal declaratory judgment action and a Missouri state court action. *See also, e.g., RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 Fed. Appx. 970 (5th Cir. 2005) (Fifth Circuit affirms decision to stay Texas federal declaratory judgment action pending outcome in related California state court action); and *Hercules Lifeboat Co., LLC v. Jones*, 2007 WL 4355045 (W.D. La. 2007) (Louisiana federal declaratory judgment action dismiss because of parallel Texas action). As shown by this case law, the fact that the parallel state court suit is pending in a different state is not determinative in a *Trejo* analysis.

---

³ *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).

⁴ *Brilhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

Liberty Mutual's argument that the two cases are not "truly parallel" (R. Doc. 31, p. 7) fares no better. The first *Trejo* factor, i.e., "whether there is a pending state action in which all of the matters in controversy may be fully litigated," does not require identical parties. Rather, the parallel state suit must simply "present[] [an] opportunity for ventilation of the same state law issues." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995). This opportunity is presented in the Texas State Court suit because Leam has been made a third party defendant and Liberty Mutual is presenting it with a defense.

Nothing stated in Liberty Mutual's opposition memorandum detracts from application of the general rule that when, as here, only issues of state law are raised in the federal declaratory judgment action and a state court suit involving the same issues is pending, "the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir.2003). Because only state law issues are involved in this case, this is "precisely the type of case in which the federal court should defer in favor of the related state court action." *Rolls-Royce Naval Marine, Inc. v. A&B Indus. of Morgan City, Inc.*, 6:10-CV-00655, 2010 WL 3947327, *2 (W.D. La. 9/15/10), *report and recommendation adopted sub nom.*, 2010 WL 3943553 (W.D. La. 10/6/10).

In addition to the federalism concerns weighing in movant's favor, the *Trejo* factors dealing with fairness[5] also weigh in favor of granting this motion. The arguments in Liberty Mutual's brief based on its insistence that Louisiana law applies, without an appropriate choice of law analysis having been conducted, suggests "the existence of "possible inequities in allowing the declaratory plaintiff to ... change forums." *Sherwin-Williams Co., supra*, 343 F.3d at 399. Inequitable possibilities seem especially apparent because Liberty Mutual's actions are not in accordance with the intent of its insured as set forth in the Master Service Contract.

Relative to the *Trejo* efficiency concerns,[6] Liberty Mutual argues that Louisiana is the most convenient forum based upon its assumption that Louisiana law should apply and by citing case law addressing the *Colorado River* abstention doctrine. Neither of these reasons warrant denial of this motion. Texas courts are certainly competent to apply Louisiana law (assuming *arguendo* it is found applicable after application of a conflicts of law analysis and consideration of the choice of law provision in the Master Service Contract). In contrast to Liberty Mutual's arguments, efficiency concerns are best served by dismissal of the federal declaratory judgment action because it will "avoid duplicative or piecemeal litigation"

---

[5] In particular, *Trejo* factors 2-4: Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; Whether plaintiff engaged in forum shopping in bringing the suit; and Whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums.

[6] In particular, *Trejo* factors 5 and 6: whether the federal court is a convenient forum for the parties and witnesses; and whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

[*Sherwin-Williams Co., supra*, 343 F.3d at 391] because the same state law issues raised in this suit can be litigated in the pending state court suit.

**3. Conclusion.**

This matter involves only state law issues concerning the interpretation of a contract. The parties to the contract do not oppose litigating the issue in the Texas state court, the forum selected by the parties in the contract. An analysis of the *Trejo* factors weigh in favor of dismissal or, alternatively, a stay of this federal declaratory judgment action because federalism concerns would be resolved by avoiding the possibility of inconsistent rulings, potential inequities would be eliminated by preventing the litigation of these issues in a forum not of the contracting parties choosing, and judicial efficiency would be served by precluding piecemeal litigation. For all of these reasons, Federal's motion should be granted and the Court dismiss or stay this declaratory judgment action.

RESPECTFULLY SUBMITTED,

BY: s/ John P. Wolff, III
John P. Wolff, III, T.A., Bar #14504
Nancy G. Gilbert, Bar #23095
Martin E. Golden, Bar #14295
Nichole A. Schulte, Bar #33360
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email: jwolff@kcwlaw.com; ngilbert@kcwlaw; mgolden@kcwlaw.com; nschulte@kcwlaw.com
*Attorneys for Petrohawk Energy Corporation and Federal Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

        _s/ John P. Wolff, III_
        JOHN P. WOLFF, III