UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEAM DRILLING SYSTEMS, INC., ET AL. | * | CIVIL NO. 6:10-1698 |
| VERSUS | * | JUDGE DOHERTY |
| PETROHAWK ENERGY CORP., ET AL. | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss, or, alternatively, Motion to Stay filed by Federal Insurance Company ("Federal"). [rec. doc. 20]. Liberty Mutual Insurance Company ("Liberty") has filed Opposition[1], to which Federal has filed a Reply. [rec. docs. 31 and 37]. By this Motion, Federal seeks discretionary dismissal of this declaratory judgment action in favor of a lawsuit filed in Texas state court, or, alternatively, that this action be stayed. The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 27]. Oral argument on the Motion was held and the Motion was taken under advisement. [rec. doc. 39].

For the following reasons, it is recommended that the Motion to Dismiss [rec. doc. 20] be **GRANTED,** and, therefore, that the alternative Motion to Stay be Dismissed as Moot.

### STATEMENT OF CLAIM

On August 24, 2009, Jered Geisler ("Geisler"), an employee of Leam Drilling Systems, Inc. ("Leam") claims to have been injured while working on a drilling rig located in Bossier

---

[1] It appears that the Opposition to the instant Motion has been filed solely on behalf of Liberty. See fn. 3, *infra*.

Parish, Louisiana. On July 20, 2010, Geisler filed a personal injury suit in Texas state court (the 319th District Court for Nueces County, Texas) against Nabors Drilling USA, LP, Petrohawk Energy Corporation ("Petrohawk"), Vaughn Energy Services, LLC and Texas Equipment Rental, LLC.

By letter dated September 2, 2010, Petrohawk's general liability insurer, Federal, tendered the defense and indemnity of the claims against Petrohawk to Leam's general liability insurer, Liberty, pursuant to a Master Service Agreement ("MSA") between Leam and Petrohawk. [rec. doc. 20-3, pg. 36-38]. In response, by letter dated November 11, 2010, Liberty conditionally agreed to defend Petrohawk, reserving its rights to nullify the indemnification clause of the MSA under the Louisiana Oilfield Anti-Indemnity Act, La. R.S. 9:2780. [*See* rec. doc. 20-3, pgs. 39-42].

Two days before the issuance of its reservation of rights letter, on November 9, 2010, Liberty and Leam filed this declaratory judgment action to determine their obligations to Petrohawk under the MSA between Petrohawk and Leam.[2] [3] Petrohawk then filed a third party petition against Leam in the Texas action, also seeking a determination of its obligations under

---

[2] By Amended Complaint for Declaratory Judgment, Liberty and Leam named Federal as an additional defendant. [rec. doc. 16].

[3] Leam does not want to be a plaintiff in this case. Although Liberty filed the instant action on behalf of itself and its insured, Leam, Liberty has informed the Court that Leam does not wish to proceed in this Court. [*See* rec. doc. 30]. For this reason, Liberty filed a Motion for Leave to Amend the Complaint requesting that Leam be removed as a party plaintiff and re-designated as a necessary party. [rec. doc. 30]. That request was denied because the request was made in a procedurally improper manner. [rec. doc. 39]. Apparently, Liberty is awaiting this ruling before filing a motion to dismiss on behalf of Leam. Thus, Leam remains as a party plaintiff herein, presumably against its wishes.

the MSA

## **LAW AND ANALYSIS**

The instant Motion seeks dismissal under the abstention doctrine based on this court's discretionary authority to decline to exercise its jurisdiction in favor of a pending state court action. *See St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-591 (5th Cir. 1994).

In *Trejo*, the Fifth Circuit identified seven non-exclusive factors for the district court to consider when determining whether to invoke its discretionary power to decline the exercise of its jurisdiction over a declaratory judgment action.[4] These factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7)

---

[4] The court must generally consider the following factors in determining whether to entertain a declaratory action, whether another suit is pending or not: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County* 343 F.3d 383, 387 (5th Cir. 2003).
  There is no dispute that the instant declaratory action is justiciable. The issue regarding whether Leam is obligated to defend and indemnify Petrohawk under the MSA is an actual controversy. Likewise, the authority of this court to grant declaratory relief is not in question. Rather, the issue here is whether the court should exercise its discretion to dismiss this case. The relevant factors in making that determination were set out by the Fifth Circuit in *Trejo*.

whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before which the parallel state suit between the same parties is pending. *Id*. at 590-591; *Sherwin-Williams Co. v. Holmes County* 343 F.3d 383, 387 (5th Cir. 2003) *citing Trejo. See also Pennsylvania General Ins. Co. v. Caremark PCS,* 2005 WL 2041969, *5-9 (N.D. Tex. 2005) (applying the *Trejo* factors to dismiss a declaratory judgment action to determine an insurance company's obligations to its insured).[5]

The *Trejo* factors clearly weigh in favor of dismissal of the instant declaratory judgment action.

The first factor, which addresses federalism concerns, is whether there is a pending state action in which all of the matters in controversy may be fully litigated. This factor weighs heavily in favor of dismissal of the instant action. It is undisputed that Geisler has filed suit in Texas state court seeking damages for his alleged injuries. It is further undisputed that Petrohawk filed a third party claim in the Texas action against Leam, seeking indemnity and additional insured status under the MSA. [rec. doc. 20-3, pg. 13-18]. The present action does

---

[5]Liberty's reliance on cases such as *Falcon Operators Inc. v. PMP Wireline Services, Inc.,* 1997 WL 313417 (E.D. La. 1997), construing the "exceptional circumstances" test under *Colorado River* Doctrine is misplaced. The Fifth Circuit "has made clear that the factors set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), are inapplicable in declaratory judgment actions. *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 fn. 12 (5th Cir. 1993) *citing Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992), *cert. dismissed*, 507 U.S. 1026, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1983); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995) relying on *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Furthermore, the Fifth Circuit has held that "a declaratory judgment action may be dismissed even though it fails to satisfy the stringent *Colorado River/ Moses Cone* "exceptional circumstances" test. *Trejo*, 39 F.3d at 590. This is so because under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action. *Id.*

not seek to determine any issues of federal law, but rather seeks only determination of state law issues, to wit, the obligations, if any, owed by Leam to Petrohawk under the MSA.

Leam's liability to Petrohawk under the MSA can be fully litigated in Texas state court, along with the other claims present there. None of the other claims pending in Texas are presented by the declaratory judgment action filed here. Again, the declaratory judgment action filed in this Court concern no issues of federal law. Accordingly, this factor weighs heavily in favor of dismissal.

With respect to the second factor (whether the plaintiff filed this suit in anticipation of a lawsuit being filed by the defendant), the third factor (whether the plaintiff here engaged in forum shopping) and the fourth factor (whether inequities may follow from allowing the declaratory judgment action to proceed), it is clear that these factors also weigh in favor of dismissal.

Liberty clearly filed the instant suit in anticipation of a claim being made by Petrohawk in the Texas case. Liberty was on notice of Petrohawk's potential claim by virtue of Petrohawk's September 2, 2010 request for defense and indemnity in Geisler's Texas litigation. The instant suit was filed two days before the issuance of Liberty's reservation of rights letter, wherein it agreed to conditionally defend Petrohawk in the Geisler litigation, pending the outcome of the instant action, which Liberty asserts should be decided under Louisiana law.

The record therefore suggests that Liberty brought this suit, not for a "proper" purpose of the Declaratory Judgment Act[6], but for the sole purpose of selecting a different forum in which the applicable law may be more favorable to Liberty. It was clearly the intent of Leam and Petrohawk (the signatories of the MSA) that the MSA be construed under "the internal laws of the state of Texas" when "General Maritime is held inapplicable", and that disputes under the contract should be subject to arbitration, to take place in Houston, Texas, with the arbitrator applying Texas Law. [rec. doc. 31-1, pgs. 15-16]. It appears clear to the Court that Liberty chose to file this case here in order to potentially benefit from the Louisiana choice of laws provisions, so that the Louisiana Oilfield Anti-Indemnity Act would be more likely applied to determine the enforceability of the MSA.[7]

---

[6]The *Sherwin-Williams* court explained, "[a] proper purpose of [the Declaratory Judgment Act] is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. [Citation omitted.]" *Lolly,* 2006 WL 681184 at *3 *citing Sherwin-Williams*, 343 F.3d at 397. Other proper reasons for filing declaratory judgment actions include avoiding multiple suits involving the same issues, *Id. citing Sherwin-Williams*, 343 F.3d at 398-99 and *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 776-77, 779 (5th Cir. 1993), and choosing one forum over another where the difference in forum does not affect the law that applies to the case. *Id. citing Sherwin-Williams*, 343 F.3d at 399.

**Improper reasons for bringing declaratory judgment actions include** "subverting the real plaintiff's advantage in state court," *Id. citing Travelers*, 996 F.2d at 777; bringing a declaratory judgment action when the declaratory judgment defendants had been restricted from filing state court actions, *Id. citing Sherwin-Williams*, 343 F.3d at 397 n. 7, 399; **and choosing one forum over another where the difference in forum changes the law that applies to the case.** *Id. citing Sherwin-Williams*, 343 F.3d at 397 and *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F.2d 599, 602 (5th Cir. 1983) (emphasis added).

[7]It appears obvious that Leam wants the MSA construed in Louisiana because the MSA is less likely to be enforceable under Louisiana law. A federal court exercising diversity jurisdiction typically applies the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S,Ct. 1020 (1941). The application of Louisiana choice of laws rules might well make the contractual choice of laws made in the contract (Texas law) unenforceable as against the stated public policy of the State of Louisiana as set out in the Louisiana Oilfield Anti-Indemnity Act. A different outcome is apparently more likely under Texas law.

However, that is an insufficient justification for filing this declaratory judgment action. *See Id.* Furthermore, to allow Liberty's bolt to the courthouse to obtain a favorable interpretation of the MSA under Louisiana law would encourage "a race to the courthouse." *Peyman v. Optobionics Merger Corp.,* 2003 WL 193443, at *3 (E.D. La. 2003) (concluding that the filing of a preemptive declaratory action was motivated by the plaintiff's desire to win a "race to the courthouse," and constituted a misuse of the Declaratory Judgment Act to gain a procedural advantage, militating in favor of dismissing of the declaratory judgment action); *Mission Ins. Co.,* 706 F.2d at 602; *Excel Music, Inc. v. Simone,* 1996 WL 5708, *6 (E.D. La. 1996); *Pennsylvania General Ins. Co., supra*. See also *Hercules*, 2007 WL 4355045 at *2. As recognized by the courts in *Sherwin-Williams* and *Mission Insurance*, Liberty should not be allowed to forum shop. *See Id.*

Additionally, the "real" plaintiff, Geisler (the injured party), is generally entitled to choose his forum, and that choice is "highly esteemed." *Lolly*, 2006 WL 681184 at *3 *citing Weaver Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) and *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Jones*, 2007 WL 4355045 at *3 (citations omitted). Geisler is a Texas resident who has filed suit in Texas, as is his right. [*See* rec. doc. 20-3, pgs. 2 and 13]. Allowing this action to proceed would, in essence, deprive Geisler of having all issues pertaining to his claims decided solely by the Texas court, his chosen forum.[8]

---

[8]Geisler has a stake in this motion since he has an interest in having all possible insurance available to satisfy any judgment that he might be awarded, or to contribute to a possible settlement.

For all of these reasons, the second, third and fourth factors set out in *Trejo* all favor dismissal of this action.

The next two factors, convenience of the forum to the parties and the witnesses and whether retaining this declaratory judgment action would serve the purposes of judicial economy, are neutral or favor dismissal. While Leam is a Louisiana corporation, with its principal place of business in Louisiana, it is authorized to do business in Texas. [*See* rec. doc. 1, ¶ 1; rec. doc. 20-3, pg. 13]. Petrohawk is a Texas corporation, which has its principal place of business in Texas and does business in Louisiana. [*See* rec. doc. 20-3, pgs. 13 and 3-4]. Thus, both parties to the MSA have substantial contacts with both states. However, the record reveals that Leam, which has the most significant contacts with Louisiana, does not want to proceed in this Louisiana court. [9] [*See* rec. doc. 30].

Liberty seems to argue that because the policy issued by Liberty to Leam was delivered in Louisiana that fact bears on this analysis. Although the policy was delivered by Liberty to Leam in Louisiana, the instant action does not seek a coverage determination under the terms of the policy. Accordingly, contrary to Liberty's suggestion, this fact does not favor maintaining the litigation in this court.

As set out above, Petrohawk has been named as a defendant in the Texas suit and has filed a third party demand against Leam in that litigation. Thus, even if this court maintained the instant action, the parties would nevertheless be required to resolve the claims made by

---

[9] See fn. 3. It appears that Leam, too, wants the benefit of all available insurance coverage.

Geisler and Petrohawk in the pending Texas suit. Accordingly, it does not appear that this federal forum would be more convenient to the parties, because the litigation on the enforceability of the MSA would proceed in two courts, as opposed to one.

For this same reason, proceeding with this lawsuit would not serve the purpose of judicial economy. To the contrary, it would be wasteful to litigate the same issue, at the same time, in two different courts.

Finally, there is a real potential for inconsistent judgments should this case be permitted to proceed, given that the same claim that is pending here is also pending in Texas, where the choice of laws rules might well yield a different result than that reached by this court on the same set of facts.[10]

For these reasons, the undersigned concludes that, on balance, the factors articulated by the *Trejo* court weigh in favor of dismissal of this action. This conclusion is in accord with the well-established practice of courts in this district and the Fifth Circuit which have routinely dismissed similar declaratory judgment actions which may be considered as an attempt to forum shop. *See Pennsylvania General Ins. Co., Mission Insurance, Peyman* and *Excel Music, supra. See also Lolly,* 2006 WL 681184 at *4.

## CONCLUSION

Based on the foregoing, it is recommended that the Motion for Discretionary Dismissal [rec. doc. 20] be **GRANTED** and that the alternative Motion to Stay be Dismissed as Moot.

---

[10] The final factor recognized in *Trejo* (whether the court is being called upon to interpret a state court decree) is inapplicable here.

Since the dismissal would be on abstention grounds, as opposed to a dismissal on the merits, it is further recommended that the dismissal be **without prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed August 19, 2011, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE